Ejectment for 300 acres of Indian Land.
After argument, Justice Shippen’ summed up the cause to the jury, and stated the facts.
It appears, that both plaintiff and defendant have warrants for the land in dispute, the defendant’s being one day older than the plaintiff’s; and the question is, which of them on the facts laid before us, is entitled to pre-emption, under the act of 21st December 1784.
The facts are clear. Toner went upon the Indian Land, in 1773, and made a settlement; but he exchanged this for another on which he continued with a view to make a settlement for his family, till the war broke out, and there was a call for soldiers. He inclined to enlist, but was afraid of los *499 ing his land, and his friends attempted to dissuade him. However, they promised to preserve his settlement for him and he enlisted. In 1775, the plaintiff went up, and there was some contract in writing by way of lease, between him and Toner, and by virtue of that, he entered into possession of the premises. The terms of the lease were, that he should make certain improvements on the place, for the benefit of Toner. This lease was deposited in the hands of a third person, and the plaintiff’s wife by a trick, got possession of it; and she and her husband determined to destroy it, and so make the place their own. They continued there until driven off by the enemy. During all this time, Toner was absent from the settlement, but in the service of his country. Here the question of law arises. It was attempted to confound this case with that of Hughes’s lessee v. Dougherty. There the court considered that Hughes died before the war • commenced, and that the object of the act could never reach to him. The legislature never intended to obliterate the offence of those settlers, who did not continue their possession during the war. Dougherty settled in the place of Hughes, but in his own right, and brought himself within the meaning and intention of the act. That case is very distinguishable from this. Here a man continues his improvement after the commencement of the war, till at the call of his country he leaves it. He did not by this relinquish his residence; and we consider his merit as equal with that of those who staid. We think he is an object within the spirit of the act. Besides the plaintiff was the tenant of the defendant, and kept possess-*5001 sion for him> and his improvements were Toner’s. *The J plaintiff has also declared, that he made an improvement for himself in another place. This is the law and the facts we submit to you.
Verdict for the defendant.